UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

EARNEST MAURICE BELL,          )
    Plaintiff,                 )
                               )
v.                             )          15-CV-1357
                               )
JARRED BIERBAUM and             )
GARY SUTHERLAND,               )
    Defendants.                )
                               )

**MERIT REVIEW OPINION**

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff has filed his lawsuit against two Defendants including Bloomington City Police Officer Jarred Bierbaum and Bloomington Assistant Police Chief Gary Sutherland.

Plaintiff states he is filing his lawsuit pursuant 42 U.S.C.§1983 and unspecified other federal or state laws. (Comp., p. 1).

Plaintiff says he was arrested on June 23, 2014, and taken to the Bloomington City Police Department. Plaintiff then met with Officer Bierbaum who asked Plaintiff to be an informant. Plaintiff agreed and provided information concerning drug sales.

The next day, Officer Bierbaum approached two of Plaintiff's friends, Tonya Findley and Ottis Beverly, and "threatened them to come to" the police department. (Comp., p. 5). Ms. Findley agreed and provided additional information to the officer.

Plaintiff says Ms. Findley "agreed to purchase drugs for the Bloomington Police Department which would result in my release from my current criminal charges." (Comp., p. 5). Ms. Findley completed four purchases. On July 2, 2014, Officer Bierbaum visited the Plaintiff in the jail and told him Ms. Findley had been cooperating which would help the Plaintiff, "but he also said that he could not give me full details because it was an on-going investigation." (Comp., p. 6).

Ms. Findley then came to the jail and complained Officer Bierbaum had forced her to participate in a drug purchase in front

of her teenage daughter.  Based on this information, Plaintiff filed a complaint with the Bloomington City Police Department, but Assistant Chief Sutherland "exonerated Officer Bierbaum of any wrong doing." (Comp, p. 7).

Plaintiff asks for a dismissal of all his criminal charges "without possibility of being recharged." (Comp., p. 8).  Plaintiff also asks for Officer Bierbaum to be terminated from his job and for money compensation for himself and his friends.  The Plaintiff has listed his address as the McLean County Detention Facility, so apparently he is still facing criminal charges.

The Court has reviewed all of Plaintiff's claims, and he has not clearly articulated a constitutional violation pursuant to §1983, nor has he clearly stated any other federal violation. Plaintiff should address his claims involving his current criminal charges, the investigation and any promises made to him in his state Court criminal case with the assistance of his criminal defense attorney. In addition, Plaintiff cannot seek monetary damages for individuals who are not parties to his lawsuit.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and all pending motions are dismissed.([4], counsel).  The Court does not believe the Plaintiff could articulate a viable claim based on the allegations in his complaint and therefore any amendment to the Complaint would be futile.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose

to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**5)   The clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED: November 19, 2015

FOR THE COURT:                    s/ Sue E. Myerscough
                                  _____
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE